**JS6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALAN DALE DICKINSON

        Cross-Plaintiff/Appellant,

v.

GOLDEN RAIN FOUNDATION OF LAGUNA WOODS

        Cross-Defendant/Appellee.

Case No. 8:22-cv-01397-SPG

**ORDER DENYING APPELLANT'S APPEAL FROM BANKRUPTCY COURT's 7/21/22 ORDER AWARDING ATTORNEYS' FEES AND COSTS**

      This matter is on appeal from the United States Bankruptcy Court for the Central District of California. Appellant Alan Dale Dickinson ("Appellant") appeals the Bankruptcy Court's order dated July 21, 2022[1] (the "July 2022 Order"), awarding attorneys' fees and costs to Golden Rain Foundation of Laguna Woods ("Appellee") and Appellee's counsel. (ECF No. 7 ("App."))[2] After reading and considering the papers filed

---

[1] The notice of appeal erroneously states that the Bankruptcy Court's order was issued on July 27, 2022. *Compare* (ECF No. 1 at 3), *with* (*id.* at 10).

[2] Appellant has filed a separate appeal from the Bankruptcy Court's April 22, 2022, order granting Appellee's motion to strike Appellant's first amended complaint. *See In re Alan Dale Dickinson*, Case No. 8:22-cv-01452-SPG, ECF No. 1. Thus, although Appellant makes some arguments regarding the April 22, 2022, order in his briefs filed in the present

in connection with this appeal, and for the reasons discussed below, the Court AFFIRMS the Bankruptcy Court's July 2022 Order.

## I.      BACKGROUND

### A.      Factual Background

The following facts are taken from the record in the United States Bankruptcy Court proceedings, as found in the filed appendices of the parties:

On February 25, 2021, Appellant filed in the United States Bankruptcy Court for the Central District of California a voluntary petition under chapter 13 of the United States Bankruptcy Code, which was converted on May 14, 2021, to a petition under chapter 7 of the Code. (ECF No. 19-1 at 37).   Golden Rain Foundation of Laguna Woods ("Appellee") filed a complaint against Appellant seeking a determination of nondischargeability under Title 11, United States Code, Section 523(a)(6) on June 18, 2021.  (*Id.*).  On July 1, 2021, Appellee amended its complaint to include a claim for objection of discharge under Section 727(a)(4)(A).  (*Id.*).  Appellant filed an answer to the amended complaint and a cross-complaint, which was later amended on August 25, 2021.  (*Id.*).  The cross-complaint contained claims for relief for elder abuse, defamation, libel, slander, intentional infliction of emotional distress, intentional infliction of physical distress, negligent infliction of emotional distress, negligent infliction of physical distress, and willful and malicious injury. (*Id.*).  On September 30, 2021, Appellee filed a motion to strike the cross-complaint pursuant to California's anti-strategic lawsuit against public participation statute, Cal. Code Civ. Proc. § 425.16 ("anti-SLAPP").  (*Id.*).

On April 22, 2022, the Bankruptcy Court granted Appellee's motion to strike Appellant's cross-complaint.  In doing so, the Bankruptcy Court explained that "[t]here is long-standing authority in the Ninth Circuit for the application of California's anti-SLAPP law in federal court so long as the claims are pendant state law claims and do not involve federal claims for relief."  (*Id.* at 39 (citing *United States ex rel Newsham v. Lockheeed*

---

appeal, the Court declines to address those arguments here and, instead, will address them in the related appeal.

1     *Missiles & Space*, 190 F.3d 963 (9th Cir. 1999); *Planned Parenthood Fed. of Am., Inc. v.*

2     *Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018), *amended by* 897 F.3d 1224 (9th Cir.

3     2018); *Restaino v. Bah (In re Bah)*, 321 B.R. 41, 46 (9th Cir. BAP 2005)).  The Bankruptcy

4     Court then concluded that, because Appellant's cross-complaint explicitly stated that all of

5     his claims for relief arose out of California law, the claims were subject to California's

6     anti-SLAPP statute.  (*Id.* at 39-40).  The Bankruptcy Court also found that Appellee had

7     satisfied its burden of proof that the cross-complaint involved protected activity under

8     California's anti-SLAPP statute.  (*Id.* at 40-44).  Additionally, the Bankruptcy Court

9     concluded that Appellant had not met his burden of establishing a reasonable probability

10    of success on the merits of his claim because Appellant failed to provide a sufficient legal

11    or factual basis for any of his nine claims.  (*Id.* at 45-53).

12          Thereafter, Appellee and Appellee's counsel moved the Bankruptcy Court for an

13    order awarding attorneys' fees and costs pursuant to California Code of Civil Procedure

14    Section 425.16(c).  (*Id.* at 347).  In the motion, Appellee asserted that Appellant had

15    "engaged in a pattern of bad faith, frivolous, meritless litigation against [Appellee], its

16    volunteers, board members, employees, and attorneys.  This has resulted in a total of zero

17    dollars paid to [Appellant], or awarded to him by a court, a total of zero lawsuits wherein

18    [Appellant's] cases have not been dismissed, either after a bench trial or well before, and a

19    total of 8 judicial officers, in this court and throughout the California state system, who

20    have been forced to waste countless hours of their precious time, dealing with [Appellant]

21    and his meritless lawsuits."  (*Id.* at 349).  Appellee also argued that, as the prevailing party

22    under California Code of Civil Procedure Section 425.16(c), the Court was obligated to

23    award attorney's fees and costs to Appellee.  (*Id.* at 350-51).  Appellee explained that its

24    counsel's senior partner billed a total of 26.6 hours working on the matter, "which were

25    reasonable and necessary to the work defending against [Appellant's] cross-complaint," at

26    a billing rate of $400 per hour, totaling $10,640.00 in legal fees.  *See* (*id.* at 351-53).

27    Appellee also explained that one of counsel's associate attorneys spent a total of 65.8 hours

28    working on the matter, "which were reasonabl[e] and necessary to the work defending

against [Appellant's] cross-complaint," at a billing rate of $400 per hour, totaling $26,320.00. (*Id.*). Further, Appellee explained that it anticipated it would spend an additional three hours reviewing Appellant's opposition, three hours preparing the Reply to Appellant's opposition, and two hours to appear at the hearing on the motion and to review the court's ruling, for a total of eight hours at a billing rate of $400.00, totaling $3,200. (*Id.*). Thus, Appellee requested a total of $40,160.00 in attorneys' fees from the Bankruptcy Court. (*Id.*). For these propositions, Appellee attached declarations for each of the attorneys who worked on the matter, along with records of their billable hours. *See* (*id.* at 357-90). Appellee also urged the court to compare its rates to the Laffey Matrix, which Appellee described as being "based on attorney rates in metropolitan Washington D.C. and Baltimore" because of "similarities in population, density, and competition among a large number of law firms" in Southern California. (*Id.* at 353). Appellee's counsel also filed similar motions, requesting $59,409.76 in fees and costs. *See* (*id.* at 453-54).

On July 21, 2022, the Bankruptcy Court granted both motions in full. (*Id.*). In doing so, the Court awarded Appellee $40,160 in fees, and Appellee's attorneys $58,555 in fees and $854 in costs, totaling $59,409.76. *See* (*id.*).

### B.    Procedural History

On July 28, 2022, Appellant filed an appeal of the Bankruptcy Court's July 2022 Order in this Court. (ECF No. 1). In his opening brief, filed on August 9, 2022, Appellant argues that the Bankruptcy Court improperly sustained the Appellee's anti-SLAPP motion because California's anti-SLAPP statute is inapplicable to the Bankruptcy Court. *See* (ECF No. 7 at 5). In the alternative, Appellant argues that the Bankruptcy Court's award of attorneys' fees and costs was unreasonable. (*Id.*). On November 16, 2022, Appellee filed its reply brief. (ECF No. 19). On November 18, 2022, Appellant filed his own reply brief. (ECF No. 22).

## II.   LEGAL STANDARD

"Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed de novo.  Mixed questions of law and fact are reviewed de novo."  *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted).   The bankruptcy court's "findings of fact are accorded considerable deference and are only clearly erroneous if [the reviewing court is] left with a definite and firm conviction a mistake has been committed."  *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 618 B.R. 1, 5 (9th Cir. B.A.P. 2020).  This Court may affirm a decision on any basis supported by the record.  *Id.*

## III.   DISCUSSION

### A.   California's Anti-SLAPP Statute Applies to the United States Bankruptcy Court

Appellant first argues that California's anti-SLAPP statute does not apply to federal bankruptcy court proceedings.  *See* (ECF No. 7 at 5-6).  Appellant is incorrect.  As the Bankruptcy Court correctly explained, there is long-standing authority in the Ninth Circuit for the application of California's anti-SLAPP law in federal court so long as the claims are pendant state law claims and do not involve federal claims for relief.  See *Lockheeed Missiles & Space*, 190 F.3d at 972-73; *Planned Parenthood Fed. of Am., Inc.*, 890 F.3d at 833-34 (9th Cir. 2018), *amended by* 897 F.3d 1224 (9th Cir. 2018); *In re Bah*, 321 B.R. at 46.  For this reason, the Court rejects Appellant's first argument.

### B.   Appellant Has Not Shown that Attorneys' Fees Award Was Unreasonable

Next, Appellant asserts that the Bankruptcy Court's award of attorneys' fees and costs was unreasonable.  *See* (ECF No. 7 at 5).  The Court disagrees.

California Code of Civil Procedure 425.16 (c) provides that a "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." The fee award is mandatory: "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney's fees."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131

(2001) (citation omitted).  The fee-shifting provision was "intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." *Id.* (citation and internal quotations omitted).  "The prevailing party 'bears the burden of submitting detailed time records justifying the hours claimed to have been expended.'" *Metabolife Int'l., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986)).  Importantly, "[a]n award of attorney fees and costs must be reasonable." *Id.*  "The right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit," including the time spent establishing the fee award.  *Id.* at 1222 (quoting *Robertson v. Rodriguez*, 36 Cal. App. 4th 357, 362 (1995)) (internal quotations omitted).  The Court must have 'substantial evidence' to support the fee award." *Id.* (citing *Macias v. Hartwell*, 55 Cal. App. 4th 669, 676 (1997)).

Nevertheless, "[t]he Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." *Id.* (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 785)).  "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Id.* (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001)) (internal quotations omitted).  Thus, to overrule a court's award of attorneys' fees pursuant to section 425.16, the appellate court must find that the awarding court abused its discretion.  *Id.* (citing *Dove Audio, Inc.*, 47 Cal. App. 4th at 785).

The Court has careful reviewed the arguments in Appellant's briefs, which the Court notes were, at times, difficult to decipher.  To the extent that Appellant discusses the issue of whether the district court abused its discretion when it awarded Appellee and Appellee's counsel $40,160.00 and $59,409.76, respectively, Appellee appears to argue that the Bankruptcy Court was wrong to award *both* fees and costs.  *See* (ECF No. 7 at 14).

1  However, as previously discussed, section 425.16(c) explicitly states that both fees and
2  costs are available on a successful anti-SLAPP motion.  Cal. Civ. P. Code § 425.16(c)(1).
3  Appellant points to nothing else in the record to show that the Bankruptcy Court abused its
4  discretion in awarding attorney's fees and costs.  The Court therefore rejects Appellant's
5  second argument.[3]

6  **IV.   CONCLUSION**

7       For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.

8

9       **IT IS SO ORDERED.**

10

11  Dated: March 17, 2023

12                                                     HON. SHERILYN PEACE GARNETT
13                                                     UNITED STATES DISTRICT JUDGE

---

25  [3] Appellant also appears to argue that the Bankruptcy Court was obligated to appoint him
26  counsel before awarding fees and costs to Appellees.  *See* (ECF No. 7 at 11).  Appellant is
27  incorrect.  "It is well settled that parties to a bankruptcy proceeding do not have a
    constitutional right to counsel."  *Toth v. Short (In re Toth)*, BAP No. AZ-5-1425-FLJu,
28  2016 Bankr. LEXIS 3718, at *16 (9th Cir. BAP Oct. 13, 2016) (citations omitted).